IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DUSTIN WAYNE POWELL,<br><br>*Defendant*. | Criminal No. 1:22-CR-56 (RDA)<br><br>The Hon. Rossie D. Alston, Jr.<br><br>Sentencing Date: November 2, 2022 |

**POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING**

The United States of America, by and through its attorneys, Jessica D. Aber, United States Attorney for the Eastern District of Virginia, and Bibeane Metsch, Assistant United States Attorney, in accordance with 18 U.S.C. § 3553(a) and the United States Sentencing Commission Guidelines Manual (the "Guidelines" or "U.S.S.G."), files this Position of the United States with Respect to Sentencing of the defendant, Dustin Wayne Powell.  The defendant comes before the Court for sentencing after pleading guilty to a one-count Criminal Information in the above-captioned case charging him with conspiracy to distribute 40 grams or more of fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 846. ECF No. 39.

The United States has no objection to the Presentence Investigation Report ("PSR"), ECF No. 49, which correctly calculates the Guidelines range to be 30 to 37 months of incarceration based on a total offense level of 19 and a criminal history category of I.  The United States moves for a one-level reduction of the defendant's Guidelines level pursuant to U.S.S.G. § 3E1.1(b), in recognition of the defendant's timely guilty plea, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently.  The Probation Office has already applied that reduction in paragraph 52 of the PSR.

The United States further agrees that the defendant has clearly demonstrated acceptance of responsibility for the offense. The Probation Officer has already accounted for this two-level decrease in the Guidelines Calculation in paragraph 51 of the PSR.

For the reasons set forth herein, the United States joins the defendant in submitting that a sentence of time served and four years of supervised release with a special condition of a period of nine months of home confinement as a special condition is appropriate in this case.

I.   FACTUAL AND PROCEDURAL BACKGROUND

From at least in or about November 2020 through at least in or about February 2022, in the Eastern District of Virginia, the defendant did unlawfully, knowingly, and intentionally combine, conspire, confederate, and agree with other persons to unlawfully, knowingly, and intentionally distribute 40 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperindinyl] propanamide, commonly referred to as fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a) and 846. PSR ¶ 29.

This case originated when the Drug Enforcement Agency ("DEA") and Fairfax County Police Department ("FCPD") conducted an investigation that revealed the defendant and his co-conspirators sold fentanyl to individuals in the Eastern District of Virginia. PSR ¶ 23. Beginning in or around November 2020 and continuing through in or about February 2022, the defendant, working with his co-conspirators, sold fentanyl to an undercover law enforcement officer ("UC-1"). PSR ¶ 32. On multiple occasions the defendant and his co-conspirators sold UC-1 powder or pills testing positive for fentanyl. PSR ¶¶ 25, 34. Between November 2020 and February 2022, the defendant and his co-conspirators sold approximately 110.81 grams of a mixture and substance containing a detectable amount of fentanyl to UC-1. PSR ¶ 34.

On February 23, 2022, the defendant was arrested based on a criminal complaint charging him with conspiracy to distribute controlled substances and made his initial appearance in the Eastern District of Virginia that day. PSR ¶ 1. On the day of his arrest, the defendant provided fentanyl to UC-1. PSR ¶ 34.

On February 25, 2022, the Court set conditions of the defendant's release pending trial. ECF No. 21. On April 13, 2022, the defendant appeared before the Court and pleaded guilty pre-indictment to conspiracy to distribute 40 grams or more of a mixture and substance containing a detectable amount of fentanyl. PSR ¶ 2. The defendant admitted in the Statement of Facts that he was "personally involved in the distribution of, or it was reasonably foreseeable to the defendant that her co-conspirators distributed or conspired to distribute in furtherance of the conspiracy, at least 40 grams but less than 160 grams of a mixture and substance containing a detectable amount of fentanyl." PSR ¶ 36. The defendant is set to be sentenced on November 2, 2022.

**II.     ARGUMENT**

　　A.  <u>Overview of Applicable Law</u>

Although the Supreme Court rendered the Guidelines advisory in *United States v. Booker*, 543 U.S. 220 (2005), a sentencing court still must "consult those Guidelines and take them into account when sentencing." *Ibid.* at 264. "[A] district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines. Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in [18 U.S.C.] § 3553(a) before imposing the sentence." *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005).

When imposing a sentence that is "sufficient, but not greater than necessary," § 3553 states that the court shall consider the nature and circumstances of the offense and the history and

3

characteristics of the defendant. The court must also consider other factors, including the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment for the offense; [and] to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A) & (B). In addition, the sentence should protect the public from further crimes of the defendant and provide the defendant with needed correctional treatment. 18 U.S.C. § 3553(a)(2)(C) & (D). Finally, the sentence should address "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

B. Guidelines Calculation

In accordance with § 6A1.2 of the Guidelines and Policy Statements and this Court's policy regarding Guidelines sentencing, the United States has reviewed the Probation Office's PSR prepared in this matter. The Probation Office correctly calculated the defendant's Guidelines range to be 30 to 37 months, based on a total offense level of 19 and a Criminal History Category of I. PSR ¶ 108.

i. Application of 18 U.S.C. § 3553 Factors to the Defendant's Case

The factors set forth in 18 U.S.C. § 3553(a) warrant the imposition of the joint recommended sentence of time served followed by nine months of home confinement as a special condition of a supervised release term of four years. The sentence is necessary to promote respect for the law, deter future criminal conduct by the defendant and others, reflect the crime's seriousness, and provide just punishment while accounting for the defendant's serious medical conditions and limited criminal history.

Fentanyl imposes a significant harm on society. It is highly addictive and its use has far reaching consequences on the users' families, friends, and communities. The resultant cost on society is tremendous, including the cost of law enforcement, healthcare, loss of productivity, and mental

health treatment.

The defendant's own history and characteristics suggest that the jointly recommended sentence is appropriate. The defendant is a 40 year old who previously abused drugs himself. PSR at 3, ¶¶ 89-92. Unlike his co-conspirator, Stephanie Victor, who was calculated as a criminal history category VI, this defendant has a limited history not involving narcotics distribution resulting in being designated a criminal history category I. PSR ¶¶ 57-61. As set out in greater detail in the PSR, the defendant is wheelchair bound and suffers from various very serious medical conditions, *see* PSR ¶¶ 72-83, that require significant medical treatment, medication, and assistance on a daily basis from a home health aide, PSR ¶ 80, to include palliative care. From what the government understands, much of the treatment that defendant relies on would not be available to him if he were to go into the custody of the Bureau of Prisons and his conditions could not be properly managed if he were imprisoned.

Section 5H1.4 of the Guidelines contains a policy statement on considering physical condition when determining whether a departure is warranted. This case presents facts that warrant a downward departure because the defendant's medical condition, "is present to an unusual degree and distinguishes the case from the typical cases covered by the guidelines" and is an "extraordinary physical impairment" that would justify such a departure. Home confinement may be a condition of supervised release, 18 U.S.C. § 3583(d), as an alternative to incarceration. *See* Guideline Section 5F1.2 ("Home detention may be imposed as a condition of probation or supervised release, but only as a substitute for imprisonment."). Pursuant to 21 U.S.C. § 841(b)(1)(B), the defendant's sentence must include a term of supervised release of at least four years.

The United States' recommended sentence takes into account the defendant's history and characteristics while also making clear to the defendant, and everyone else, that drug distribution

crimes come with consequences.

### III.     CONCLUSION

      For the reasons stated herein, the United States submits that a sentence of time served followed by a period of four years of supervised release with a special condition of nine months of home confinement is sufficient but not greater than necessary to satisfy the sentencing factors under Section 3553.

Respectfully submitted,

Jessica D. Aber
United States Attorney

Date: <u>November 2, 2022</u>     By:    <u>         /s/                 </u>
                                                    Bibeane Metsch
                                                    Assistant United States Attorney

## CERTIFICATE OF SERVICE

      I hereby certify that on November 2, 2022, I caused a copy of the foregoing memorandum to be filed with the Clerk of Court using the CM/ECF system, which will automatically generate a Notice of Electronic Filing (NEF) to all counsel of record.

      By: _____/s/_____
      Bibeane Metsch
      Assistant United States Attorney
      United States Attorney's Office
      2100 Jamieson Avenue
      Alexandria, Virginia 22314
      (703) 299-3700
      bibeane.metsch@usdoj.gov